**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Salvador VASQUEZ–CHAVEZ,
Defendant—Appellant.**

**No. 09–50416.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Jan. 5, 2011.

Douglas F. McCormick, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jerald Lee Brainin, Esquire, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ****

Salvador Vasquez–Chavez appeals from the 77–month sentence imposed following his guilty-plea conviction for attempting to pass counterfeit security of the United States with intent to defraud, in violation of 18 U.S.C. § 472, and being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Vasquez–Chavez contends his sentence is substantively unreasonable in light of the mitigating factors he presented regarding his criminal history and personal characteristics. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Vasquez–Chavez's sentence at the bottom of the Guidelines range is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir.2008) (en banc). Moreover, the district court did not procedurally err. *See id.*

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.